# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY MCMASTERS, | Case No. SACV 14-01683-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On October 23, 2014, Shelly McMasters ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 10, 2015. On August 28, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 55-year-old female who applied for Social Security Disability Insurance benefits on March 27, 2013, alleging disability beginning February 21, 2012. (AR 11.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 21, 2012, the alleged onset date. (AR 13.)

Plaintiff's claim was denied initially on August 9, 2013. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Keith Dietterle on March 20, 2014, in Orange, California. (AR 11.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 11.) Medical expert ("ME") John R. Morse and vocational expert ("VA") Kristan Cicero also appeared and testified at the hearing. (AR 11.)

Following the hearing, the Claimant underwent an orthopedic consulting examination with Dr. H. Harlan Bleeker. Based on the information and opinion provided by Mr. Bleeker, the ALJ submitted interrogatories to the VE. Both of these documents were proffered to Plaintiff, who did not submit any response.

The ALJ issued an unfavorable decision on July 17, 2014. (AR 11-20.) The Appeals Council denied review on August 22, 2014. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's treating physician's opinion and properly developed the record.

2. Whether the ALJ properly considered Plaintiff's testimony and made proper clear and convincing credibility findings.

3. Whether the ALJ properly determined that Plaintiff has a non-severe mental impairment and properly developed the record.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v.

Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

///

///

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 21, 2012, the alleged onset date. (AR 13.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the cervical spine, status post C7-T1 fusion; thoracic outlet syndrome; diabetes mellitus; and osteoarthritis of lumbar spine. (AR 13-14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 14-15.)

The ALJ then found that Plaintiff has the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> Claimant is able to lift/carry twenty pounds occasionally and ten pounds frequently; able to sit 30 to 40 minutes at a time; stand and walk 30 to 40 minutes at a time; able to stand/walk a total of two hours in an eight hour day; occasional reach at or above the level of the shoulder joint with either upper extremity; frequently reach, handle, finger, push and pull; occasionally climb stairs, ramps; never climb ladders or scaffolds; able to frequently balance, stoop, kneel, crouch, crawl.

(AR 15-19.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a drafter. (AR 19-20.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 20.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted the opinion of Plaintiff's treating physician and properly discounted Plaintiff's subjective symptom allegations.

The ALJ did not err in regarding Plaintiff's alleged fibromyalgia as non-severe. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY DISCOUNTED THE OPINION OF DR. GELABERT

Plaintiff contends that the ALJ erred in discounting the opinion of her treating physician, Dr. Gelabert. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician,

6

the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

The ALJ determined that Plaintiff has the medically determinable impairments of degenerative disc disease of the cervical spine, status post-fusion; thoracic outlet syndrome; diabetes mellitus; and osteoarthritis of the lumbar spine. (AR 13.) Nonetheless, the ALJ assessed Plaintiff with a reduced range of light work RFC. (AR 15.)

The ALJ based his RFC primarily on the May 15, 2014, opinion of the consulting orthopedist, Dr. Bleeker, submitted after the hearing. (AR 17-18, 528-542.) The ALJ gave "great weight" to Dr. Bleeker's opinion because it was consistent with the medical evidence. (AR 18.) The ALJ summarized the evidence as follows:

> The claimant's exertional capacity is reduced secondary to the combined effects of all of her severe impairments. The claimant has limited lifting and carrying capacity because of the neurological problems in her arms. The claimant does have pain in her arms from the combined effects

of the cervical spine degeneration that was primarily solved by the fusion procedure and the pinching of the nerves and blood vessels caused by the thoracic outlet syndrome. The claimant is [*sic*] some reduced strength and pain in her arms, which is why she is no longer able to lift and carry objects within the heavy or medium exertional weight ranges. However, she would still be able to lift and carry objects within the light exertional weight range because those objects are sufficiently reduced in weight and would not place additional stress or strain in her upper back and neck leading to increased pain symptoms. There is no need to limit her further to the sedentary weight range because the consultative examination only showed full motor strength with only a slight reduction in sensation (see Exhibit 11F). The claimant's sitting, standing, and walking capacity is also reduced because of her impairments. The claimant's lumbar spine impairment along with the upper back and neck impairments affect the claimant's ability to remain in [one] position for extended periods. As such, the claimant would need to change positions more frequently than with normal workday breaks in order to prevent the onset of the symptoms that affect her ability to remain in the workplace. As such, she is given the opportunity to sit for 30 to 40 minutes at a time, and stand and walk for 30 to 40 minutes at a time, while standing and walking a total of two hours in a normal 8-hour day.

The claimant's ability to perform activities with her arms is also limited. Since there is still some evidence of thoracic outlet syndrome, the claimant is limited to occasional reaching at or above shoulder level with both arms because frequent reaching at or above shoulder level with both arms is likely to result in increased pain symptoms. Additionally, the claimant should never climb ladders, ropes and scaffolds because the movements required to climb those devices requires reaching overhead and supporting one's body weight with the arms while reaching overhead. The

>claimant is not capable of doing that given her impairments. However, the claimant is still capable of frequent handling, fingering, pushing, pulling, and reaching in all other directions. This is because her motor strength is generally normal with only minimal loss of sensation in the fourth and fifth fingers as noted during the consultative examination.
>
>The claimant is also limited in her capacity to perform the postural activities. The claimant can still frequently balance, stoop, kneel, crouch, and crawl because there is little evidence of pain symptoms that radiate into the lower extremities that would affect her ability to perform those movements. However, the claimant is limited to occasionally climbing ramps and stairs because those activities require increased pressure on the back, which would increase her complaints of pain symptoms leading to the need to cease all work activity to rest.
>
>The claimant requires no additional workplace restrictions or limitations because she has no other severe medically determinable impairment and because the severe medically determinable impairments she does suffer from do not manifest through her objectively verifiable signs or symptoms that necessitate additional restrictions.

(AR 16, 17.) The ALJ further found that Claimant's high blood pressure, diabetes and right shoulder impingement do not affect her functioning. (AR 14, 15.) The ALJ also cited the light work RFC of State agency reviewer Dr. Richard Surrusco. (AR 18.)

Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of her treating physician, Dr. Hugh Gelabert. (AR 18.) On September 7, 2012, Dr. Gelabert opined on a one page General Relief form that Plaintiff permanently was unable to work from October 2010. (AR 526.) He stated that Plaintiff "can't sit, stand, hold on object, use computer." (AR 526.) The ALJ gave little weight to his opinion. The ALJ disagreed with Dr. Gelabert's opinion by noting that Claimant is "still able to sit, stand and hold objects, but with some reduced capacity." (AR 18.) The ALJ's assessment is supported by the RFC's of Dr.

Bleeker and Dr. Surrusco and the medical evidence, presented above. (AR 16-17.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's rejection of Dr. Gelabert's opinion is also supported by other evidence of record. Plaintiff herself does not claim total incapacity, testifying she was capable of sitting up to half an hour, stand for longer than half an hour, and could lift a bag of groceries. (AR 36-37.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. The ALJ also criticized Dr. Gelabert's opinion because he "gave no specifics on what the claimant is still capable of doing, only what she can no longer do." (AR 18.) The evidence supports the ALJ's finding that Dr. Gelabert "gave no specifics." The one page conclusory form offers no supporting explanation, objective medical evidence or treatment records. The Ninth Circuit has held that an ALJ may reject a treating physician's opinion that is conclusory, brief and unsupported by clinical findings. Tonapetyan, 242 F.3d at 1149.

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the medical evidence of record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Nor was there any duty to recontact Dr. Gelabert because his opinion was not unclear nor ambiguous, nor was the record inadequate for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001).

The ALJ rejected Dr. Gelabert's opinion for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff alleges that the ALJ erred in discounting her subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 16.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely credible." (AR 16.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1635, 1039-40 (9th Cir. 2008). The ALJ did so.

First, Plaintiff's allegations of disabling symptoms are inconsistent with the medical evidence (AR 16-17), which indicates that Plaintiff can do a reduced range of light work. (AR 19.) An ALJ is permitted to consider whether there is a lack of medical evidence so long as it is

not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

Second, the ALJ found that Plaintiff's treatment history affects her credibility. (AR 18-19.) The ALJ noted Claimant received benefits from surgery. (AR 18.) The ALJ also noted that Claimant's diabetes mellitus and hypertension "were relatively controlled with medications, which shows they are not as significant as she alleged." (AR 18-19, 40, 481.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ further observed that Plaintiff's medications had no side effects. (AR 18, 32.)

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. The ALJ noted Plaintiff lives alone and only occasionally receives assistance from others for tasks that require heavier lifting and more mobility. (AR 19.) Plaintiff wrote she lived alone, tries to walk for exercise, run errands, and prepares meals. (AR 208.) She goes out daily, walks, and drives a car. (AR 210.) She shops in the grocery store (AR 210) and engages in light laundry, cleaning, and doing dishes. (AR 211.)

Plaintiff disputes the ALJ's adverse credibility finding, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

### III. THE ALJ PROPERLY REGARDED PLAINTIFF'S FIBROMYALGIA AS NON-SEVERE

Plaintiff next contends that there are diagnoses of fibromyalgia in the record. Plaintiff further contends that the ALJ failed to develop the record as to this condition.

In August 2012, Dr. Alisa Majlessi diagnosed Plaintiff with fibromyalgia, indicating that Plaintiff "reports subjectively moderate body pain, fatigue [and] inability to focus on any work due to pain." (AR 527.) Dr. Majlessi indicated she only saw Plaintiff twice. (AR 527.) There are no treatment notes and no indication of any tender point testing, the accepted diagnostic

criteria for diagnosing fibromyalgia. See SSR 12-2p (2012) (must have pain in 11 of 18 tender points and must test to rule out other disorders). Similarly, there is a reference to fibromyalgia in an April 27, 2012, letter from Dr. Steven Dennis. (AR 265.) Again, there were no treatment notes or indication that any tender point testing was done.

The ALJ decision does not mention fibromyalgia as the ALJ apparently did not regard fibromyalgia as a severe impairment. An ALJ is not required to discuss every piece of evidence, only evidence that is probative. Vincent v. Heckler, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). Here, the ALJ noted that Dr. Majlessi opined Plaintiff would not be able to work for a period of two months and, because this does not meet the 12 month duration requirement, Dr. Majlessi's opinion is not relevant for the entire period under consideration. (AR 18, 527.) Additionally, the ALJ already evaluated Plaintiff's subjective pain symptoms and discounted any contention that she is completely unable to work because of her pain. See Rollins, 261 F.3d at 857 (rejecting credibility of fibromyalgia pain symptoms). Dr. Majlessi's diagnosis is based on Plaintiff's subjective report.

Nor is there any merit to the contention that the ALJ failed to develop the record fully. The record was not ambiguous or inadequate for proper evaluation of the evidence. Mayes, 276 F.3d at 460. Neither the medical expert who testified at the hearing nor the consulting orthopedist mentioned fibromyalgia and, as noted above, the ALJ fully considered Plaintiff's subjective symptom allegations.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: September 30, 2015          /s/ John E. McDermott
                                                  JOHN E. MCDERMOTT
                              UNITED STATES MAGISTRATE JUDGE